<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|                        |     |                                  |
|------------------------|-----|----------------------------------|
|                        | :   |                                  |
| **JOHN BANDA,**        | :   |                                  |
|                        | :   | **Civil Action No. 15-1887 (ES)** |
| **Plaintiff,**         | :   |                                  |
|                        | :   |                                  |
| **v.**                 | :   | **OPINION**                      |
|                        | :   |                                  |
| **S. ADAMS, et al.,**  | :   |                                  |
|                        | :   |                                  |
| **Defendants.**        | :   |                                  |
|                        | :   |                                  |

**SALAS, DISTRICT JUDGE**

Plaintiff John Banda ("Plaintiff"), an involuntarily committed person pursuant to the Sexually Violent Predator Act ("SVPA"), N.J.S.A. 30:4–27.24, *et seq*., seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court previously granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and ordered the Clerk of the Court to file this Complaint accordingly.[1]   (D.E. No. 2).

---

[1] The Court notes that in accordance with the Preclusion Order entered in *Banda v. Otino*, No. 09-2723 (WJM), 2009 WL 2843899, at *17 (D.N.J. Sept. 1, 2009), Plaintiff's *in forma pauperis* pro se submission contained a short and clear Complaint and a written certification briefly summarizing the nature of Plaintiff's challenges and stating that the allegations in the Complaint are new, factually and legally, and that none of these claims is foreclosed by controlling law known to Plaintiff or explained to Plaintiff by any federal judge.   (D.E. No. 1-3).

The Preclusion Order also states that "Plaintiff will be allowed to initiate . . . only one *in forma pauperis* action per each following calendar year . . . . [The first pro se submission of a calendar year must] include either: a. a clear and concise written statement showing cause as to why Plaintiff's quota of one *in forma pauperis* pro se action per calendar year should be modified ("Show Cause Response"); or b. a written statement unambiguously indicating that Plaintiff knows of no bases for modification of his quota of one *in forma pauperis* pro se action per calendar year ("Waiver").   The fact of the Clerk's receipt of Plaintiff's First Submission—during any given

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.   For the reasons set forth below, the Complaint will be dismissed in its entirety.

## I. BACKGROUND

Plaintiff is currently confined at the Special Treatment Unit ("STU") in Avenel, New Jersey.   He brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants S. Adams; M. Main; Y. Corniel; K. Stankiewicz; P. Dudek; D. Stanzione; L. Chiapetta; M. Levi; and D. Rodriguez.   The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.   The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff states that he brings this Complaint pursuant to the SVPA.   (D.E. No. 1, Compl. ¶ 1).   Plaintiff alleges that "out of spiteful malice, Unit Director S. Adams used her job to assert her personal agenda by failing to provide this Plaintiff with the necessary, meaningful and adequate mental health care non-convicted sex offender treatment and the opportunity for release, to which violated this Plaintiff [sic] constitutionally protected rights."   (*Id.* at ¶4(b)).   Plaintiff repeats these allegations against Defendant Main, Corniel, Chiapetta, Levi and Rodriguez.   (*Id.* at ¶4(c)-(d), (g)-(i)).   Plaintiff additionally alleges that Defendant Y. Corniel, Ciapetta, Levi and

---

year—without a Show Cause Response would be automatically deemed a Waiver affecting the calendar year during which such First Submission is received."   *Id.*   Since this is Plaintiff's first *in forma pauperis* pro se submission of the calendar year, and it did not contain a "Show Cause Response," Plaintiff is deemed to have waived his opportunity to show cause why his quota of one *in forma pauperis* pro se action per calendar year should be modified for 2015.   *Id.*

Rodriguez, "out of spiteful malice . . . [are] in agreement with the Comprehensive Treatment Plan Review report."   (*Id.* at ¶ 4(d), (g)-(i)).   Against Defendant K. Stankiewicz, Plaintiff alleges that "out of spiteful malice, [he] used his job to assert his personal agenda by submitting an annual review report in making his diagnosis of this pro se Plaintiff in which he failed to recommend the proper, necessary, meaningful and adequate mental health care non-convicted sex offender treatment and the opportunity for relief, to which violated this Plaintiff [sic] constitutional protected rights."   (*Id.* at ¶ 4(d)).   Plaintiff makes identical allegations against Defendants P. Dudek and D. Stanzione.   (*Id.* at ¶ 4(e)-(f)).   Plaintiff is seeking monetary damages and injunctive relief.   (*Id.* at ¶ 7).

## II.  DISCUSSION

### A. Legal Standard

### 1. Standards for a *Sua Sponte* Dismissal

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in civil actions where a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is a civilly committed person proceeding *in forma pauperis*.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"

556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.   *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).   Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## 2.  Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.   Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."   *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

was committed or caused by a person acting under color of state law.  *See West v. Atkins*, 487

U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

The SVPA, N.J.S.A. § 30:4-27.24, *et seq*., establishes an involuntary civil commitment

procedure for a sexually violent predator, defined by the act as

> a person who has been convicted, adjudicated delinquent or found not guilty by
> reason of insanity for commission of a sexually violent offense, or has been charged
> with a sexually violent offense but found to be incompetent to stand trial, and
> suffers from a mental abnormality or personality disorder that makes the person
> likely to engage in acts of sexual violence if not confined in a secure facility for
> control, care and treatment.

N.J.S.A. § 30:4-27.26.  Pursuant to the SVPA, the Department of Corrections ("DOC") is

responsible for the operation of any facility designated for the custody, care, and treatment of

sexually violent predators, and the DOC is required, with limited exceptions, to house such

committed sexually violent predators separately from other offenders in the custody of the DOC.

N.J.S.A. § 30:4-27.34(a).   The Division of Mental Health Services in the Department of Human

Services is required to provide or arrange for treatment appropriately tailored to address the

specific needs of sexually violent predators.   N.J.S.A. § 30:4-27.34(b).

Plaintiff has filed many complaints in this district asserting that he was unconstitutionally

civilly committed and subjected to a treatment plan pursuant to the SVPA.   All of the previous

complaints have been dismissed for failure to state a claim and the Court of Appeals for the Third

Circuit has dismissed, pursuant to § 1915(e)(2)(B), those prior dismissals which were appealed.

*See*, *e.g.*, *Banda v. State of New Jersey*, Civil Action No. 04-5632 (AET), *appeal dismissed*, 134

F. App'x. 529 (3d Cir. June 7, 2005); *Banda v. New Jersey Special Treatment Unit*, Civil Action

No. 05-2078 (WJM), *appeal dismissed*, 164 F. App'x 286 (3d Cir. Feb. 3, 2006); *Banda v. N.J.*

*Dept. of Mental Health Services*, Civil Action No. 05-2622 (WJM), *appeal dismissed*, 160 F. App'x 270 (3d Cir. Jan. 4, 2006).

Although the named defendants have differed in each action, the gravamen of the challenge has been the same: that Plaintiff has never been convicted of a predicate sexually violent offense and therefore he should not be subjected to sex-offender treatment.   In this case, Plaintiff varies his allegations slightly, in that he is now claiming that Defendants are violating his constitutional rights by failing to provide him with *non*-convicted sex offender treatment, which is affecting his right to release.   Specifically, Plaintiff alleges that "[t]reatment at this Special Treatment Unit Facility is based on Sex Crime Conviction.   Plaintiff has never been convicted of a Sex Crime Offense."   (Comp. ¶ 6).   He further alleges that Defendants are "failing to provide this Plaintiff with the necessary, meaningful and adequate Non-Convicted Sex Offender Treatment for a person whom has Never Been Convicted of a Sex Crime Offense, along with failing to provide this Plaintiff with the opportunity for release."   (*Id.*).   Despite the difference in word choice, the crux of his allegations remain the same as in previously dismissed cases.   Plaintiff is still ultimately challenging the determination by the Defendants that he must engage in sex-offender treatment to be released.[3]

As has been explained to Plaintiff multiple times, any challenge to his civil commitment under the SVPA must be raised in a habeas proceeding.   *See Preiser v. Rodriguez*, 411 U.S. 475

_____

[3]  The Court further notes that it is unclear how Defendants are affecting Plaintiff's right to release by failing to provide him with non-sex offender treatment.   Pursuant to the SVPA, Plaintiff must undergo sex-offender treatment in order to be eligible for release, which is precisely the treatment being offered to Plaintiff.   Plaintiff is still claiming that he has not committed any sexual offenses and refuses sex offender treatment, which appears to be the actual reason he is ineligible for release.   (D.E. No. 1-1, Special Treatment Unit, Treatment Progress Review Committee, Annual Review Report 13, June 20, 2014).

(1973); *Souder v. McGuire*, 516 F.2d 820, 823 (3d Cir. 1975) ("There is no question about the appropriateness of habeas corpus as a method of challenging involuntary commitment to a mental institution").  Further, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

Here, Plaintiff's claims are not cognizable under section 1983 because a favorable outcome would necessarily imply the invalidity of his confinement and Plaintiff does not contend that his involuntary commitment has been invalidated.  *Id.* 489-90 (1994); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005); *Banda v. New Jersey Special Treatment Unit Annex*, 164 F. App'x 286, 287 (3d Cir. 2006) (applying *Heck* to previous § 1983 claims by Plaintiff challenging his commitment).  Despite the slight variation in language, Plaintiff is still challenging his commitment under the SVPA and such a challenge is not cognizable in a § 1983 action under *Preiser* and *Heck*.  Therefore, the Complaint will be dismissed without prejudice.  *See Brown v. City of Phila.*, 339 F. App'x 143, 145-46 (3d Cir. 2009) (per curiam) (stating that when a claim is barred under *Heck*, dismissal should be without prejudice); *Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (dismissal pursuant to *Heck* should be without prejudice to the plaintiff

7

bringing a § 1983 action if he is ultimately successful in invalidating his civil commitment).

## III.  CONCLUSION

For the reasons stated above, the Complaint will be dismissed in its entirety without prejudice.[4]  To the extent Plaintiff intended to raise any state law claims, the Court declines to exercise supplemental jurisdiction.[5]  An appropriate order follows.

Dated: May 26, 2015

s/ Esther Salas
**Esther Salas, U.S.D.J.**

---

[4] Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant leave to amend the complaint unless amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  Here, amendment would be futile because Plaintiff cannot maintain a § 1983 action seeking damages until such time as his involuntary commitment is invalidated.  *Heck*, 512 U.S. at 489-90.  Therefore, although the dismissal of the Complaint is without prejudice pursuant to *Heck*, *see Brown*, 339 F. App'x at 145-46, the Court does not grant leave to amend at this time: Plaintiff's involuntary commitment has not yet been invalidated and so granting leave to amend prior to any such invalidation would be futile.

[5] Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Growth Horizons, Inc. v. Delaware Cnty., Pa.*, 983 F.2d 1277, 1284-85 (3d Cir. 1993).