**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHN BANDA, | Civil Action No. 15-1887 (ES) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| S. ADAMS, et al., | |
| Defendants. | |

IT APPEARING THAT:

1. On March 7, 2015, Plaintiff John Banda ("Plaintiff"), an involuntarily committed person pursuant to the Sexually Violent Predator Act ("SVPA"), N.J.S.A. 30:4–27.24, *et seq.*, filed this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants S. Adams; M. Main; Y. Corniel; K. Stankiewicz; P. Dudek; D. Stanzione; L. Chiapetta; M. Levi; and D. Rodriguez. (D.E. No. 1, Complaint ("Compl.")).

2. In his Complaint, Plaintiff alleged that "out of spiteful malice, Unit Director Adams used her job to assert her personal agenda by failing to provide this Plaintiff with the necessary, meaningful and adequate mental health care non-convicted sex offender treatment and the opportunity for release, to which violated this Plaintiff [sic] constitutionally protected rights." (*Id.* ¶ 4(b)). Plaintiff repeated these allegations against Defendants Main, Corniel, Chiapetta, Levi and Rodriguez. (*Id.* ¶ 4(c)-(d), (g)-(i)). Plaintiff additionally alleged that Defendants Corniel, Chiapetta, Levi and Rodriguez, "out of spiteful malice . . . [are] in agreement with the Comprehensive Treatment Plan Review report." (*Id.* ¶ 4(d), (g)-(i)). Against Defendant

Stankiewicz, Plaintiff alleged that "out of spiteful malice, [he] used his job to assert his personal agenda by submitting an annual review report in making his diagnosis of this pro se Plaintiff in which he failed to recommend the proper, necessary, meaningful and adequate mental health care non-convicted sex offender treatment and the opportunity for relief, to which violated this Plaintiff [sic] constitutional protected rights." (*Id.* ¶ 4(d)). Plaintiff made identical allegations against Defendants Dudek and Stanzione. (*Id.* ¶ 4(e)-(f)). Plaintiff sought monetary damages and injunctive relief. (*Id.* ¶ 7).

3. On May 26, 2015, the Court entered an Opinion and Order dismissing Plaintiff's Complaint without prejudice. (D.E. Nos. 3-4, May 26 Opinion and Order ("May 26 Opinion")). The Court found that Plaintiff was ultimately challenging the determination by the Defendants that he must engage in sex-offender treatment to be released and any challenge to his civil commitment under the SVPA must be raised in a habeas proceeding. (*Id.* at 6 (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973))). The Court further found that Plaintiff's claims for damages are not cognizable under Section 1983 because a favorable outcome would necessarily imply the invalidity of his confinement and Plaintiff does not contend that his involuntary commitment has been invalidated. (*Id.* at 7 (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994))).

4. On May 29, 2015, Plaintiff filed a Motion for Reconsideration (D.E. No. 5, Motion for Reconsideration ("Mot.")). The Motion essentially re-asserts the allegations of his Complaint:

> Pro Se Plaintiff filed His complaint to address the "Treatment" that He has Not been getting for the past 11 years, For the listed Defendants has [sic] had enough time to provide such "Non-convicted sex offender Treatment" for Him that would have met His psychiatric needs of such "Non-Convicted sex offender Treatment".
>
> . . . .
>
> As stated in this Pro Se Plaintiff's complaint, Pro se Plaintiff has never been convicted of a sexually Violent offense, and therefore

2

> He should Not be subjected to the sex offender Treatment that is being provided at this special Treatment unit. . . . .
>
> . . . .
>
> Pro Se Plaintiff filed His Complaint to show that the listed Defendants of the Division of Mental Health services in the Department of Human services has failed to provide the appropriate, meaning opportunity for a cure "Non-Convicted Sex Offender Treatment" to Him. which is in violation of this Pro Se Plaintiff's constitutional protected right under the Eighth Amendment within the concept of Deliberate Indifference, which delayed His potential opportunity of a meaningful awareness towards a cure in working towards a Release.

(Mot. 1-2).

5. A motion for reconsideration is a limited device. *Woodson v. Unknown Agents of Unknown Agency*, No. 14-7033, 2015 WL 71156, at *2 (D.N.J. Jan. 6, 2015). "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)) (internal quotation marks omitted). As such, a motion for reconsideration may be granted only upon the showing of one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." *Assisted Living Assocs. of Moorestown, LLC v. Moorestown Twp.*, 996 F. Supp. 409, 442 (D.N.J. 1998). By contrast, mere disagreement with the district court's decision is not an appropriate ground for a motion for reconsideration; such disagreement should be raised through the appellate process. *Id.* (citing

*Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 859 n.8 (D.N.J. 1992)); *see also Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001) (holding that a motion for reconsideration may not be used to reargue matters already argued and disposed of by the court).

6. Here, there has been no intervening change in the controlling law; there is no new evidence that was not available when the court granted the motion; and there is no need to correct a clear error of law or fact or to prevent manifest injustice. Instead, Plaintiff merely disagrees with the Court's previous holding, which is not a ground for reconsideration. *Assisted Living Assocs. of Moorestown, L.L.C.*, 996 F. Supp. at 442. As stated in the previous Opinion, Plaintiff is being offered psychiatric treatment, but he is specifically seeking non-sex offender treatment. He claims that the denial of said treatment is affecting his ability to be released. Plaintiff has repeatedly challenged his civil commitment as a sex offender and, while differently worded, this appears to be another attack on that commitment because he claims he should not be subjected to sex offender based treatment in order to be released. For the reasons stated in the Court's May 26 Opinion and Order, that claim, and any accompanying claim for damages, must be dismissed.[1]

---

[1] Even if Plaintiff's claims were not barred by *Preiser* and/or *Heck*, Plaintiff has failed to establish a violation of his constitutional rights. The Fourteenth Amendment affords pretrial detainees and civilly committed individuals, such as Plaintiff, protections that are "at least as great as the Eighth Amendment protections afforded to a convicted prisoner." *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003) (quoting *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983)). To state a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, a plaintiff must show (1) deliberate indifference by prison officials to (2) the prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Here, Plaintiff is clearly being offered in-depth and comprehensive psychiatric treatment, but he is refusing said therapy because he does not believe he is a sex offender. However, "mere disagreement as to the proper medical treatment" does not violate a prisoner's constitutional rights. *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citing *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987)). Therefore, even if not barred by *Preiser* and/or *Heck*, Plaintiff cannot state a claim for denial of medical treatment.

7. For the reasons stated above, the Court DENIES Plaintiff's Motion for Reconsideration.

An appropriate Order accompanies this Opinion.

_____
Esther Salas, U.S.D.J.